**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 3, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50050
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD GERALD PARHAM,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-2274-ALL
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Howard Gerald Parham appeals his conviction of possessing with the intent to distribute marijuana.  Parham challenges the sufficiency of the evidence supporting his conviction.  He argues that the Government failed to establish that he knew about the marijuana secreted in the tractor-trailer he driving.  See 21 U.S.C § 841(a)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At trial, the Government established that Parham had sole ownership and control over the tractor-trailer in which the marijuana was found. In addition, the Government presented circumstantial evidence of Parham's guilty knowledge. See United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003). A Border Patrol agent testified that Parham was nervous at the primary inspection area and seemed distracted by a drug-sniffing canine near his trailer. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998) (holding that nervousness is recognized as circumstantial evidence of guilty knowledge). Parham also made inconsistent statements as to why his trailer was sealed with a green seal from his own supply rather than with a seal from the company whose cargo he was transporting. See id. (noting that inconsistent statements are recognized as circumstantial evidence of guilty knowledge). Finally, testimony established that the 634.5 pounds of marijuana found in Parham's trailer had a street value of at least $900 a pound. The jury could have rationally inferred that Parham would not be entrusted with such valuable cargo if he had not been a knowing participant in a drug-smuggling scheme. See Villarreal, 324 F.3d at 324.

The evidence produced at Parham's trial, viewed in the light most favorable to the verdict, was sufficient to allow a reasonable trier of fact to find that Parham knew about the

marijuana hidden in his tractor-trailer.  See id. at 322.  The judgment of the district court is AFFIRMED.